IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUREEN KING, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-cv-01175-M |
| METROPOLITAN LIFE INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Metropolitan Life Insurance Company's ("MetLife") Motion to Dismiss Plaintiff Laureen King's First Amended Complaint. ECF No. 15. For the reasons stated below, the Motion is **GRANTED**.

I.   **BACKGROUND**

This is an insurance dispute arising out of a welfare benefit plan (the "Plan") issued by MetLife. On April 28, 2023, Plaintiff filed her Original Petition in the 422nd District Court of Kaufman County, Texas, asserting a claim for breach of contract on the grounds that MetLife had violated the terms of the Plan. ECF No. 1-2 at 8–9.

On May 23, 2023, MetLife removed the case to this Court on the basis of federal question jurisdiction, asserting that the Plan is governed by the Employee Income Security Act ("ERISA"), which preempts Plaintiff's state law claim. ECF No. 1 at 2. Plaintiff then amended her pleadings to assert a claim under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover unpaid benefits allegedly due under the Plan . ECF No. 11 ("First Am. Compl.") ¶¶ 9, 22.

1

The First Amended Complaint alleges that Plaintiff is the beneficiary of John King, who as part of his employment with Huffines Auto Dealerships, was issued the Plan by MetLife, which provided life insurance and accidental death benefits. *Id.* ¶¶ 8–12. Mr. King voluntarily terminated his employment on May 27, 2022. *Id.* ¶ 16. Seven days later, on June 2, 2022, he was killed in an accident. *Id.* ¶ 13.

Plaintiff alleges she made a claim for benefits under the Plan. *Id.* ¶ 15. On December 20, 2022, MetLife denied Plaintiff's claim on the grounds that Mr. King was no longer covered under the Plan due to his voluntary termination of employment prior to his death. *Id.* ¶ 16. Plaintiff alleges that she is entitled to the claimed benefits because the Plan permits Mr. King to continue life insurance coverage after termination if he requested benefits within 31 days of his termination, which Plaintiff alleges she did. *Id.* ¶ 17. In addition, Plaintiff alleges that MetLife did not inform Plaintiff of her rights under ERISA in denying the claim, because in its December 20, 2022, denial letter, MetLife did not inform the Plaintiff that she was entitled to a copy of the claims file. *Id.* ¶ 18.

MetLife now moves to dismiss the First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 15.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. 8(a)(2). In analyzing a motion to dismiss for failure to state a claim under 12(b)(6), the Court must accept all of the plaintiff's well-pleaded allegations as true, but it need not accept as true "a legal conclusion couched as a factual allegation." *Id.* at 678–79 (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)6), the Court generally cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). If documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims, a defendant can attach them to a motion to dismiss and they will be considered. *Id.*

### III. ANALYSIS

MetLife moves to dismiss the First Amended Complaint on the grounds that Mr. King was not eligible for accidental death coverage at the time of his death, and that its December 20, 2022, denial letter complied with ERISA. MetLife also argues that Plaintiff failed to exhaust the Plan's administrative remedies, because she did not appeal MetLife's denial of her claim within 60 days. In support of its Motion, MetLife attaches relevant excerpts from the Plan and the December 20, 2022, denial letter. *See* ECF Nos. 16-1, 16-2.

Under § 1132(a)(1)(B) of ERISA, a claimant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has "recognized the particular importance of enforcing plan terms as written." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 100 (2013).

The Plan provides that "Accidental Death or Dismemberment Benefits" will be paid if the insured is injured in an accident which occurs while the insured is covered for such benefits. ECF No. 16-1 at App. 10. The Plan further provides that "[a]ll of your benefits will end on the

date your employment ends.  Your employment ends when you cease Active Work as an Employee." *Id.* at App. 13.  In addition, the Plan explains that MetLife "will issue a personal policy of life insurance *without disability or accidental death benefits* to you if you apply for it in writing during the Application Period," which is defined as 31 days after the date Employment Ends.  *Id.* at App. 6–7 (emphasis added).

The December 20, 2022, denial letter indicates that MetLife denied Plaintiff's "Optional Accidental Death Insurance" claim for the following reasons:

> According to the Certificate of Death issued by the State of Texas, John King passed away on June 2, 2022. Our records further indicate that Mr. King's last day of employment with Huffines Auto Dealerships was May 27, 2022. Under the terms of the Plan, benefits will end on the date which employment ends. A personal policy of life insurance without disability or accidental death benefits will be issued if applied for within the Application Period of 31 days.  Since the Plan does not provide an Application Period to continue Accidental Death Insurance benefits after employment ends, there are no Accidental Death Insurance benefits payable under this claim.

*Id.* at App. 22–23.

The denial letter further explains that, under ERISA, Plaintiff has the right to appeal the decision within 60 days after receipt of the letter, and "[u]pon your written request, MetLife will provide you with a copy of the records and/or reports that are relevant to your claim." *Id.* at App. 23.  The letter further provides that, in light of the U.S. Department of Labor's COVID-19 extension requirements, in determining timeliness of any claim or appeal, MetLife will disregard the earlier of "one year from the date you were first eligible for relief" or "60 days from the announced end of the national emergency." *Id.*

Pursuant to the Plan's plain terms, Mr. King's accidental death benefits ended with his employment, and the Plan does not provide any avenue to continue coverage for Accidental Death benefits after employment ends.  The First Amended Complaint alleges that Mr. King voluntarily terminated his employment on May 27, 2022.  First Am. Compl. ¶ 16.  Accordingly,

4

the Court concludes as a matter of law that Mr. King's accidental death benefits ended when he terminated his employment on May 27, 2022, without the possibility of continuing such benefits, and thus he lacked coverage for accidental death benefits when he died on June 2, 2022.

Plaintiff provides no basis warranting a different result. In responding to MetLife's Motion to Dismiss, Plaintiff does not contest MetLife's argument that Plaintiff's claim is precluded by the plain terms of the Plan. Instead, Plaintiff argues that MetLife improperly failed to inform Plaintiff that she was entitled to a copy of the claims file free of charge; for support, Plaintiff attaches a letter dated February 6, 2023, purportedly sent from Plaintiff's counsel to MetLife, which requests a copy of the claims file. ECF No. 20-2. Plaintiff argues, without any evidentiary support, that MetLife never responded to this letter, and requests that should the Court conclude this case is governed by ERISA, that the Court abate the case and give Plaintiff "an opportunity to appeal the adverse decision." ECF No. 20 at 2.

ERISA provides that beneficiaries have the right to appeal adverse decisions, and outlines minimal procedural requirements to be followed by plan administrators upon denial of benefits. 29 U.S.C. § 1133; *see also* 29 C.F.R. § 2560.503-1(h)(2)(iii) & (g). Plaintiff alleges only that MetLife failed to inform Plaintiff in the December 20, 2022, denial letter that she is entitled to receive a copy of the claim file; Plaintiff alleges no other ways in which MetLife purportedly failed to comply with ERISA's requirements. *See* First Am. Compl. ¶ 18. However, review of the denial letter attached to MetLife's Motion to Dismiss reveals that it does, in fact, explain that Plaintiff is entitled to a copy of the claim file upon written request, and provides clear guidance about the appeals process and deadlines as required under ERISA. ECF No. 16-1 at App. 22–23. Moreover, in describing the appeal process, the Plan itself states that upon written request, MetLife will provide copies of relevant documents "free of charge." *Id.* at App. 18. Thus,

5

Plaintiff has not plausibly alleged that MetLife did not comply with ERISA's procedural requirements for the appeal of adverse benefit determinations.

In sum, Plaintiff has not stated a plausible claim for relief for benefits allegedly due under the Plan, justifying dismissal. In addition, the Court concludes that any further attempts to amend the pleadings or renew Plaintiff's claims would be futile, as under the Plan's plain terms, Mr. King did not have accidental death coverage at the time of his death. Accordingly, the Court concludes that dismissal should be with prejudice. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable").

### IV.   CONCLUSION

For the foregoing reasons, MetLife's Motion to Dismiss is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**SO ORDERED**.

December 14, 2023.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE